# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60483
Summary Calendar

———————

Elvia Mayela Lazo-Lopez; Arianna Mayela Lara-Lazo,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 889 863,
A208 889 864

———————————————————

Before Jones, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Elvia Mayela Lazo-Lopez, a native and citizen of Honduras, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an Immigration Judge's denying her application

———————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 24-60483

for asylum and withholding of removal.[1] We review for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (citation omitted). Lazo-Lopez does not meet this standard.

An asylum or withholding applicant must show that officials are unable or unwilling to protect her from persecution on account of a protected ground, such as membership in a particular social group (PSG). *Jaco v. Garland*, 24 F.4th 395, 401, 406-07 (5th Cir. 2021). Lazo-Lopez's purported PSG was "being the daughter of Sara Yvette Lopez-Sevilla who was and is in a relationship with Alfonso Santos of Los Olanchanos, a drug trafficking organization."

Lazo-Lopez alleges that Sara (her mother) left Alfonso (her step-father) after discovering his affiliation with Los Olanchanos. Alfonso's subsequent harassment and threats allegedly resulted in their continuing the relationship. Alfonso also directed his actions towards Lazo-Lopez. In one instance, Alfonso grabbed her arm and pushed her away when she attempted to intervene when he strangled Sara during a fight. Another time, he hit Lazo-Lopez (then fifteen years old) with his motorcycle, cutting her leg, leaving it with a scar, and causing facial swelling. Alfonso threatened Sara with kidnapping her granddaughter—Lazo-Lopez's daughter—if she did not remain in their relationship. No one reported these incidents to the police, and Alfonso apologized for and excused the motorcycle incident as motivated by anger and alcohol. Alfonso has not threatened Lazo-Lopez since her

---

[1] The other petitioner is Lazo-Lopez's daughter and is a derivative on Lazo-Lopez's asylum application. Additionally, Lazo-Lopez abandoned her claim for relief under the Convention Against Torture by failing to brief it. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022).

departure from Honduras, but he did threaten to kill her brother if he were to interfere with his relationship with Sara.[2]

The BIA determined that Lazo-Lopez failed to establish either that (1) she suffered past persecution warranting the presumption that she would be persecuted upon any future return to Honduras, or (2) that if there was past persecution, it had a nexus with her proposed PSG. Assuming her proposed PSG is cognizable, she fails to show that the evidence compels conclusions contrary to those of the BIA. *See Zhang*, 432 F.3d at 344.

Lazo-Lopez's past harm was not sufficiently extreme to constitute persecution. The BIA aptly noted the isolated nature of the incident involving her step-father's motorcycle. *See Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020) (Persecution "has the quality of a *sustained*, systematic effort to target an individual on the basis of a protected ground." (emphasis in original)). That she was a minor at the time does not change the incident's isolated nature, even if it may be an aggravating factor in analyzing that incident's seriousness. Her step-father's other physical acts towards her do not approach the sort of harm to Lazo-Lopez that our precedent recognizes as sufficiently extreme. *See Rangel v. Garland*, 100 F.4th 599, 605–06 (5th Cir. 2024) (it is not enough that "society would likely regard" the harm as "unfair, unjust, or even unlawful or unconstitutional" (quoting *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006))). Lazo-Lopez cannot otherwise establish a likelihood of future persecution. The petition for review is DENIED.

_____

[2] Lazo-Lopez also testified about extortion by another gang. She does not appeal the BIA's rejection of her argument below that this extortion rose to the level of persecution.